### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MR. RANDY ANDERSON**                                                     **PLAINTIFF**

**v.**                                              **No. 4:20CV116-DAS**

**MDOC MAIL ROOM**                                                 **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] For the reasons set forth below, the instant case will be dismissed without prejudice for failure to name a proper defendant.

### Allegations

Randy Anderson, who was housed in the Mississippi State Penitentiary at the time, discovered on April 7, 2020, that the mail inspector rejected mail containing photographs and a Christmas card

---

[1] 28 U.S.C. § 1915(g).

his sister had sent to him in mid-December 2019. The inspector stated that the mail had been returned to the sender; however, Anderson's sister received only the envelope back. The photographs and card were missing. The mail inspector stated that the envelope contained "photographs that depict subject contrary to regulation" because it portrayed nudity. Anderson's sister stated that the photographs were ordinary pictures of her and her children. The Postal Inspection Department processed the return on December 17, 2019. Mr. Anderson discovered the problem on April 7, 2020, and filed a grievance on April 21, 2020. It is not clear whether Mr. Anderson received notice of the rejection before April 7, 2020. The grievance was processed on April 28, 2020, finding that "[t]here has been a time lapse of more [than] thirty (30) days between the event and the initial request: Incident happened on 1/17/20; received in this office on 4/24/20." It is unclear where the "1/17/20" date comes from.

## No Proper Defendant Named

In this case, Mr. Anderson has named only the "MDOC Mail Room" as a defendant; however, this is not a person or entity amenable to suit in a § 1983 case. The court asked Mr. Anderson if he could identify an individual who handled the mail in question, but he could not. The case cannot proceed in the absence of a proper defendant; as such, the case must be dismissed, but without prejudice to his ability to seek relief in the future should he be able to identify a proper defendant..

## Conclusion

For the reasons set forth above, the instant case will be dismissed without prejudice for failure to name a proper defendant. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of November, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE